**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIE TOUTEBON<br><br>*Plaintiff*,<br><br>v.<br><br>ST. MARY'S VILLA<br><br>*Defendant*. | Civil No.: 17-cv-00852 (KSH) (CLW)<br><br><br>**OPINION** |

**Katharine S. Hayden, U.S.D.J.**

Before the Court is defendant St. Mary's Villa's motion (D.E. 3) to dismiss plaintiff Marie Toutebon's complaint (D.E. 1, "Compl.") for lack of subject-matter jurisdiction under Rule 12(b)(1), and alternatively for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Toutebon alleges that St. Mary's Villa, her landlord, violated her rights under the Fair Housing Act ("FHA") by failing to translate Section 8 recertification forms from English into Toutebon's native language of Creole. The theory behind Toutebon's lawsuit is that St. Mary's Villa's inaction amounts to national origin discrimination under the FHA. For its part, St. Mary's Villa argues that Toutebon is effectively asking the Court to reverse a final state-court judgment that previously terminated Toutebon's subsidized tenancy, and that such an exercise of federal jurisdiction is precluded by the *Rooker-Feldman* doctrine. In the alternative, St. Mary's Villa argues that the Court should dismiss the complaint on res judicata grounds. For the reasons below, the Court agrees that the *Rooker-Feldman* doctrine prevents the Court from hearing the case.

1

From 2007 to September 2015, Toutebon was a tenant in an apartment building owned and operated by St. Mary's Villa in Newark, New Jersey. *Id.* at ¶ 5. As a low-income tenant, Toutebon qualified for the federal Section 8 rental subsidy, and she received the subsidy for the majority of the time she lived at the apartment. *Id.* at ¶ 8. The Section 8 subsidy permitted Toutebon to pay only a portion of her contractual rent under the lease. *Id.* In order to continue to qualify for the subsidy, Toutebon was required under federal law to recertify her income to the landlord at least once every year. Toutebon claims that she failed to submit her income recertification in 2015 because the landlord failed to translate notices about the recertification into her native language of Creole, causing her rent to increase beyond what she could afford, and ultimately resulting in her eviction. *Id.* at ¶¶ 12-14.

Toutebon's complaint consists of one count alleging a Fair Housing Act violation. (Compl. at Count One, ¶¶ 1-3). Section 3604 of the Fair Housing Act makes it illegal to "discriminate against any person in terms, conditions, or privileges . . . rental of a dwelling, or in the provisions of services or facilities in connection therewith, because of . . . national origin." 42 U.S.C. § 3604. But Toutebon does not specifically allege that she was subjected to national origin discrimination in her papers. Nor does she cite legal authority to support the argument that a landlord's failure to translate documents for a tenant with limited English proficiency is a *per se* violation of the FHA. Notwithstanding, for purposes of examining this motion under Rule 12(b)(1), the Court will assume that Toutebon has succeeded in pleading a cognizable cause of action.

St. Mary's Villa's *Rooker-Feldman* argument arises out of prior events that took place in state court, and is supported by records from landlord-tenant proceedings between the parties, which are attached to its motion papers. The prior proceedings include (1) a holdover eviction

action filed by St. Mary's Villa on July 1, 2015; (2) a post-judgment relief hearing held on August 12, 2015; (3) a non-payment of rent eviction action that was heard on September 25, 2015; (4) a post-judgment relief hearing to set aside the judgment of possession, initially begun on October 21, 2015; and (5) a second post-judgment relief hearing held on October 26, 2015. The specific documents from these various proceedings are the consent judgment from the August 12, 2015 post-judgment relief hearing (D.E. 3-7, Ex. A); the trial transcript from the September 25, 2015 eviction proceeding (D.E. 3-5, Ex. A, D.E. 3-6); as well as the two transcripts from the October 21, 2015 and October 26, 2015 post-judgment relief hearings (D.E. 3-7, Ex. B, D.E. 3-8, Ex. A).

A review of the proceedings establishes that on July, 7, 2015, the state court entered default judgment against Toutebon in a holdover eviction case that St. Mary's Villa filed because her son Leon had been living with her in the apartment as an unauthorized guest in violation of her lease. Toutebon sought post-judgment relief, and the court set an August 12, 2015 hearing date for her application. That day, Toutebon signed a consent judgment that permitted her to continue her tenancy on certain conditions.

The consent judgment (D.E. 3-7, Ex. A) reflects that a court-appointed Creole interpreter translated the agreement. In paragraph 6, Toutebon acknowledged that the interpreter assisted her in understanding the terms, one of which required that she fill out and return her annual Section 8 recertification form before August 19, 2015 so that she remained eligible for her federal rental subsidies. *Id.* at ¶ 3.

The next month, St. Mary's Villa filed an eviction action against Toutebon for non-payment of rent. A trial was held on September 25, 2015 before Superior Court Judge Ned M. Rosenberg. The trial transcript reveals that Judge Rosenberg did not permit Toutebon's son to

3

speak on her behalf, and appointed an interpreter for her. The property manager for St. Mary's Villa testified that Toutebon had not recertified her current income as mandated by the recent consent judgment, which disqualified her from receiving a federally-subsidized rental rate. The testimony indicates that Toutebon had been sent three separate notices that she had to recertify in order to receive her subsidy. Judge Rosenberg found that Toutebon had received the notices, and further that she had duly recertified for the past seven years without incident. Based on his findings, Judge Rosenberg entered judgment in favor of St. Mary's Villa. (D.E. 3-6 at 6.)

Toutebon sought post-judgment relief from the eviction, and a hearing was scheduled for October 21, 2015, again before Judge Rosenberg. The transcript (D.E. 3-7, Ex. B) indicates that Leon Toutebon once again sought to argue for his mother, who was not there. After Leon failed to support his claims that Toutebon had been regularly paying rent by producing proof of payments, the court rescheduled the hearing so that Toutebon herself could testify.

On October 26, 2015, Toutebon appeared with a signed paper authorizing her son to speak on her behalf. The transcript of the hearing (D.E. 3-8, Ex. B.) indicates that Leon Toutebon produced a document purporting to be Toutebon's current Section 8 recertification. Upon Judge Rosenberg's review of it, however, it turned out that the form that Leon brought was actually from the previous year. The court denied relief, and the judgment of eviction stood.

For the *Rooker-Feldman* doctrine to preclude federal subject-matter jurisdiction, the following must be established: (1) the federal plaintiff lost in state court; (2) the plaintiff complains before the federal court of injuries caused by a state-court judgment; (3) the judgment was rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments. *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (*citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,

544 U.S. 280, 284, (2005)). The Third Circuit has counseled that "[t]he second and fourth requirements are the key to determining whether a federal suit presents an independent, non-barred claim." *Id.*

In her complaint, Toutebon omits a crucial fact: she was evicted from her apartment pursuant to a state-court judgment where the judge found that she had lost her subsidy because she failed to submit the required Section 8 recertification. She is asking this Court to award her money damages for a "loss of Section 8 benefits" and for "moving costs and storage costs." (Compl. at Count One, ¶ B.) Her complained-of injuries flow directly from the prior adjudication. The Court has thoroughly reviewed the state proceedings and is satisfied that to be successful, Toutebon's federal lawsuit would undo the holdings in the tenancy proceedings that were decided against her. She is, in short, alleging an injury based on an adverse state-court decision, and not "an independent, non-barred claim." Under the *Rooker-Feldman* doctrine, this Court does not have jurisdiction over Toutebon's lawsuit, which seeks the review and rejection of a state-court judgment, and the complaint must be dismissed.[1]

St. Mary's Villa's motion pursuant to 12(b)(1) is granted, and the clerk of the court is directed to close this case. An accompanying order will be filed.

s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

Dated: December 21, 2017

---

[1] The Court will not be addressing the merits of St. Mary's Villa's res judicata argument because it is granting the motion under 12(b)(1).